IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FETCHLIGHT, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>WELLBOTS, INC., a Delaware corporation,<br><br>    Defendant. | **COMPLAINT**<br><br>Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

Plaintiff, FetchLight, Inc. ("FetchLight" or "Plaintiff"), by and through its attorneys, Foley & Lardner LLP, for its Complaint and Jury Demand against Defendant Wellbots, Inc. ("Wellbots" or "Defendant") states as follows:

## NATURE OF THE ACTION

1. This is an action for counterfeiting, trademark infringement, violation of N.Y. Gen. Bus. Law § 349, and unfair competition.

2. FetchLight, Inc. is the exclusive United States distributor of electric motorcycles manufactured in China by Chongqing Qiulong Technology Co., Ltd. under the Surron® brand.[1] FetchLight is also the exclusive licensee of the SURRON trademarks in the U.S. with the right to enforce the SURRON trademarks in its own name.

3. Defendant Wellbots is fraudulently claiming and representing to the public that it is an authorized distributor of Surron® brand electric motorcycles. Through these misrepresentations, Wellbots has deceived other purchasers to buy counterfeit products in the

---

[1] Hereinafter, Chongqing Qiulong Technology Co., Ltd. will be referred to by its brand name, Surron.

United States and sell counterfeit products in the United States.

4. Even more worrisome is the fact that these counterfeit electric motorcycles likely have features and equipment used for on-road operation. Importantly, these features make them materially different from genuine Surron® electric motorcycles manufactured for sale in the U.S. which are currently for *off-road* use only. Because the counterfeit electric motorcycles do *not* comply with the U.S. regulations applicable to on-road motorcycles, they are prohibited from importation under 49 U.S.C. § 30112(a)(1), the National Traffic and Motor Vehicle Safety Act (also called the "Safety Act"), and are subject to the regulations administered by the National Highway Traffic Safety Administration (NHTSA).

5. On information and belief, unless enjoined, Defendant will continue to flood the market with unauthorized and counterfeit products.

6. Defendant's conduct is willful, knowing, and/or intentional. As a result, FetchLight is entitled to recover compensatory damages, treble damages, and Defendant's profits from its unlawful conduct. Injunctive relief is also necessary to prevent FetchLight from suffering further irreparable harm. The circumstances are such that the Court should also award FetchLight its costs and attorneys' fees.

## PARTIES

7. FetchLight is a Delaware corporation with its principal place of business in Denver, Colorado.

8. Wellbots is a Delaware corporation, with its principal place of business located at 750 Lexington Avenue, 9th floor, New York, New York 10022.

## SUBJECT MATTER JURISDICTION

9. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 and under 15 U.S.C.

§ 1121(a), which provides original jurisdiction in all actions arising under the Lanham Act. The Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

## PERSONAL JURISDICTION AND VENUE

10. Wellbots is subject to personal jurisdiction in this District because its principal place of business is in this District.

11. Venue is proper under 28 U.S.C. § 1391 because Wellbots' principal place of business is in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District through Wellbots.

## GENERAL ALLEGATIONS

**A.   Surron's Business, FetchLight's Business and the SURRON Trademarks.**

12. Surron, based in China, is the developer and manufacturer of the well-known brand of electric motorcycles, SURRON®. Among others, Surron is the record owner of the following U.S. trademarks:

| Mark | Reg. No./ Serial No. | Reg. Date/ App. Date | Goods/Services |
|---|---|---|---|
| Surron logo (the "Federally Registered Logo") | 6073707 | Jun. 09, 2020 | Electric bicycles; Electrically-powered motor vehicles; Motorcycle frames; Motorcycles; Tires for vehicle wheels; Electric motorcycles Int. Class 12 |

| Mark | Reg. No./ Serial No. | Reg. Date/ App. Date | Goods/Services |
|---|---|---|---|
| **SURRON** (the "SURRON Word Mark") | 7427386 | Jun. 25, 2024 | Chargers for electric batteries; batteries for electric vehicles Int. Class 9<br><br>Electric motorcycles and structural parts therefor; motorcycles; electric dirt bikes and structural parts therefor; electrically-powered motor vehicles; motorcycle frames; motorcycle tires Int. Class 12 |
| **ULTRA BEE** | 7215076 | Nov. 07, 2023 | Electric motorcycles and structural parts therefor; Electric bicycles and structural parts therefor Int. Class 12 |
| *Ultra Bee (stylized logo)* | 7215077 | Nov. 07, 2023 | Electric motorcycles and structural parts therefor; Electric bicycles and structural parts therefor Int. Class 12 |
| *校峰 (stylized Chinese characters)* | 7226652 | Nov. 21, 2023 | Electric motorcycles and structural parts therefor; Electric bicycles and structural parts therefor Int. Class 12 |

| Mark | Reg. No./ Serial No. | Reg. Date/ App. Date | Goods/Services |
|---|---|---|---|
| **HYPER BEE** | 98616008 | Jun. 24, 2024 | Electric motorcycles and structural parts therefor; Electric bicycles and structural parts therefor Int. Class 12 |
| HYPER BEE (logo) | 98616011 | Jun. 24, 2024 | Electric motorcycles and structural parts therefor; Electric bicycles and structural parts therefor Int. Class 12 |

13.     The Federally Registered Logo and the rest of the foregoing list of trademarks in paragraph 12 are collectively referred to herein as the "SURRON Trademarks."

14.     Pursuant to written distribution agreements, Surron has a network of distributors throughout the world that are authorized to sell its electric motorcycles and related parts using the SURRON Trademarks in their respective territories. These agreements grant the authorized distributor the exclusive right to import and sell genuine electric motorcycles and parts manufactured by Surron in specified countries, and also allows these authorized distributors to use the SURRON Trademarks in connection with the promotion, sales and servicing of those goods.

15.     Pursuant to the 2023 Distribution Agreement between Surron and Fetchlight, effective as of January 18, 2023, Surron appointed FetchLight as its exclusive distributor to import and distribute genuine electric motorcycles and parts and provide related services using the SURRON Trademarks within the territory of the entire United States.

16.     The 2023 Distribution Agreement was amended on December 15, 2023, pursuant to a Trademark License and Addendum Agreement which appointed FetchLight as Surron's

exclusive trademark licensee in the U.S. The Trademark License and Addendum Agreement grants to FetchLight the exclusive right and license, even as to Surron, to use the SURRON Trademarks in the US, and further grants FetchLight the right to enforce the SURRON Trademarks against trademark infringement in the U.S., including but not limited to the filing of lawsuits against third parties in FetchLight's own name. The 2023 Distribution Agreement and the Trademark License and Addendum are referred to herein as the "Exclusive Agreement."

17. Pursuant to the Exclusive Agreement, FetchLight has the exclusive right (indeed, the obligation) to build and maintain an effective dealer network in the United States.

18. Pursuant to the Exclusive Agreement, FetchLight has extensively and continues to use the SURRON Trademarks to identify genuine Surron® products and services. The use of the SURRON Trademarks also distinguishes authorized distributors and FetchLight's authorized dealer network from unauthorized distributors and resellers.

19. FetchLight has extensively advertised and promoted the Surron® products and services it offers under the SURRON Trademarks throughout the United States. As a result of such efforts and the considerable money spent in connection therewith, the products and services offered by FetchLight and its authorized dealer network under the SURRON Trademarks have been met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

**B.     Defendant's Unlawful Conduct Through Its Infringing Website <wellbots.com>**

20. Without the consent of either Surron or FetchLight, Wellbots offers for sale on its website at www.wellbots.com (the "Website") Surron® electric motorcycles that are not distributed by or purchased from FetchLight and which are otherwise counterfeit.

21. The Website offers for sale at least two different models of Surron® electric

motorcycles, both of which are counterfeit. Specifically, the electric motorcycles advertised, promoted, and sold by Wellbots have material differences as compared to those electric motorcycles distributed by FetchLight in the U.S. pursuant to its agreements with Surron. As a result, the electric motorcycles being sold by Wellbots are counterfeit notwithstanding their manufacture by Surron (the "Counterfeit Products").

22. Among other things, the Counterfeit Products (i) are not made for sale in the U.S. as an off-road vehicle and are equipped with on-road components, (ii) are not covered by the warranty applicable to Surron® electric motorcycles sold in the US, (iii) do not confirm to the Surron's Vehicle Identification Number structure that identifies the vehicle as an off-road vehicle which requires the letter "S" as the fourth digit; and (iv) otherwise do not comply with US regulations.

23. Due to the trademark infringement of the SURRON Trademarks throughout the Website, including, as shown below, the unauthorized SURRON Wordmark and the Federally Registered Logo, consumers are falsely led to believe that Wellbots is selling genuine Surron® electric motorcycles.





24. Additionally, Wellbots falsely advertises that it is "now an authorized Sur-ron reseller:"



25. FetchLight has not authorized Wellbots to be a reseller and Wellbots is not an authorized reseller.

26. Such false and misleading statements, along with Wellbots unlawful use of the SURRON Trademarks in its advertising throughout the Website, is likely to cause, and has already caused consumers to be confused, be mistaken, and/or be deceived into believing that Wellbots has an affiliation, connection, association, origin, sponsorship, or approval of Surron and FetchLight when it, in fact, does not.

27. Wellbots conduct is willful and intentional. Indeed, FetchLight sent a demand letter to Wellbots on or about November 13, 2023, demanding that Wellbots cease its infringing conduct. Wellbots neither responded nor stopped its infringing conduct.

## COUNT I:
## LANHAM ACT TRADEMARK INFRINGEMENT & COUNTERFEITING, 15 U.S.C. § 1114(1)

28. FetchLight repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Defendant is using the SURRON Trademarks in the United States in connection with the Counterfeit Goods without authorization or consent from FetchLight, the exclusive licensee and authorized enforcer of the SURRON Trademarks in the United States.

30. The Counterfeit Products being sold by Defendant are materially different than the Surron® products authorized for sale by FetchLight in the U.S. Among other things, the Counterfeit Products (i) are not covered by the warranty applicable to Surron® electric motorcycles sold in the U.S. and (ii) do not comply with U.S. regulations.

31. Defendant's unauthorized sale of Counterfeit Products has already caused confusion and is likely to continue causing confusion, mistake, or deception as to the source or sponsorship of those products. As a result of Defendant's unauthorized use of the SURRON

Trademarks, the public and potential dealers are likely to believe that Defendant's goods have been approved by Plaintiff.

32. The sale of Counterfeit Products and Defendant's unauthorized use of the SURRON Trademarks has already caused confusion and is likely to continue causing consumers to believe, erroneously, that the Counterfeit Products are genuine Surron® products authorized for sale in the United States, or are sponsored or approved by, or otherwise officially affiliated with FetchLight, or cause NHTSA to believe, erroneously, that FetchLight is failing to comply with applicable regulatory requirements, thereby irreparably damaging FetchLight.

33. Defendant's conduct has resulted in irreparable harm to FetchLight, depriving FetchLight of its exclusive right to determine the manner in which the SURRON Trademarks are represented to customers and to control the quality of goods and services identified with the mark in the U.S., which damage is difficult or impossible to quantify.

34. The acts committed by Defendant has been committed with knowledge that the acts would cause confusion, mistake, or deceit.

35. By engaging in the conduct described herein, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

36. Defendant's acts have damaged and will continue to damage FetchLight, which has no adequate remedy at law.

37. Defendant's intentional and calculated acts of infringement will cause further irreparable harm to FetchLight if Defendant is not restrained by this Court from further violation of FetchLight's rights.

38. Defendant's conduct is an infringement of the SURRON Trademarks in violation of 15 U.S.C. § 1114(1).

4936-7046-8655.2

39. Defendant's conduct is also counterfeiting of the SURRON Trademarks in violation of 15 U.S.C. § 1114(1).

40. In addition to recovery of its damages and the Defendant's profits and/or statutory damages from use of the SURRON Trademarks and selling the Counterfeit Products, FetchLight is entitled to treble damages, prejudgment interest, attorneys' fees, and costs under the Lanham Act pursuant to 15 U.S.C. § 1117.

## COUNT II:
## LANHAM ACT FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125

41. FetchLight repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

42. Defendant's promotion and sale of the Counterfeit Products and unauthorized use of the SURRON Trademarks constitutes a false designation of origin and a false description or representation that Defendant's sale of such products is authorized by Plaintiff and is thereby likely to confuse consumers.

43. Defendant is using the SURRON Trademarks with full knowledge that they are selling Counterfeit Products and/or are not unauthorized to use of the SURRON Trademarks in the United States.

44. Defendant is also falsely claiming to be an authorized reseller of Surron products in order to give the Website and its sales legitimacy.

45. Defendant's acts of false designation and false description or representation are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with the SURRON Trademarks and with being an authorized reseller.

46. Defendant's promotion, sale, and distribution of the Counterfeit Products, and/or false misrepresentations violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

47.     The aforesaid conduct of Defendant is causing immediate and irreparable injury to FetchLight and to its goodwill and reputation and will continue both to damage FetchLight and deceive the public unless enjoined by this Court.  FetchLight has no adequate remedy at law.

## COUNT III:
## VIOLATION OF N.Y. GEN. BUS. LAW §349 *et seq.*

48.     FetchLight repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

49.     Defendant's conduct, as alleged above, is causing and is likely to cause confusion or misunderstanding as to the source, sponsorship, affiliation, connection to or association with FetchLight, constituting a deceptive act or practice in the conduct of business in violation of N.Y. Gen. Bus. Law § 349(a).

50.     By its conduct, Defendant has caused FetchLight irreparable harm, damage, and injury to the value and goodwill FetchLight has built in the SURRON Trademarks, as well as to FetchLight's business, goodwill, and reputation, creating a cause of action pursuant to N.Y. Gen. Bus. Law § 349(h).

51.     In addition, Defendant's conduct, as alleged above, constitutes a counterfeit, copy or colorable imitation of a registered trademark applied to advertisements used in connection with the sale or distribution of goods in violation of N.Y. Gen. Bus. Law § 360-k.

52.     Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

53.     As a result of the foregoing, FetchLight is entitled to injunctive relief, damages, and attorney's fees.

54.     Furthermore, FetchLight is entitled to three times the amount of actual damages sustained due to Defendant' bad faith conduct.

## COUNT IV:
## UNFAIR COMPETITION IN VIOLATION OF NEW YORK COMMON LAW

55. FetchLight repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

56. Defendant's aforementioned acts of trademark infringement, false advertising and false designation constitute unfair competition under the common law as well as a violation of statutory trademark law.

57. Defendant's infringing use of the SURRON Trademarks is likely to cause confusion concerning the origin of the goods and services associated with the marks.

58. As alleged herein, Defendant's conduct is likely to cause, if it has not already, customer confusion in violation of New York common law.

59. These acts of Defendant have been carried out for the purpose of unfairly misappropriating FetchLight's profits, as well as its reputation and goodwill, all to the detriment of FetchLight.

60. FetchLight is therefore entitled to recover actual damages suffered as a result of these acts, enhanced damages, any and all profits of Defendant attributable to such acts, and recovery of FetchLight's attorneys' fees.

61. Defendant's conduct has caused harm and, unless enjoined, will continue to cause irreparable harm to FetchLight, for which there is no adequate remedy at law.

**DEMAND FOR JUDGMENT**

WHEREFORE, FetchLight demands judgment against Defendant and in favor of FetchLight as follows:

1. A permanent injunction enjoining the Defendant, its agents, servants and employees, and those people in active concert or participation with it from:

      a) importing, distributing, offering for sale, advertising, and/or selling of the Counterfeit Products or any other products that infringe the SURRON Trademarks;

      b) Using the SURRON Trademarks or any trademark, service mark, logo or trade name that is confusingly similar to the SURRON Trademarks in the U.S;

      c) Otherwise infringing the SURRON Trademarks or using any similar designation, alone or in combination with any other components in the U.S.;

      d) Passing off any of Defendant's Counterfeit Products as genuine SURRON products or services that emanate from FetchLight or its authorized dealers or that can otherwise be sold in the U.S.;

      e) Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Defendant' businesses, products or services;

      f) Causing a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection, or association with FetchLight and its authorized dealers; and

      g) Unfairly competing with FetchLight or its authorized dealers in any manner.

2. An order that the Defendant be required to promptly eliminate any advertising in the U.S. that utilize the SURRON Trademarks or any other confusingly similar designations from all media including, but not limited to, social media, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings and mass mailings, all at the Defendant' cost;

3. An order that the Defendant be required to file with the Court and to serve upon FetchLight's counsel within ten (10) days after entry of any injunction order issued herein, a written report, under oath, setting forth in detail the manner in which it has complied with such injunction or order;

4936-7046-8655.2

4.      An award of the costs and expenses, including reasonable attorney's fees, incurred by FetchLight in connection with this action as provided for by statute;

5.      Monetary damages;

6.      Exemplary, punitive and treble damages; and,

7.      Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

FetchLight respectfully requests a trial by jury of the issues raised in this Complaint.

Dated: April 1, 2025

Respectfully submitted,

*/s/ Laura Ganoza*
Laura Ganoza
   lganoza@foley.com
FOLEY & LARDNER LLP
2 South Biscayne Blvd, Suite 1900
Miami, FL 33131
(305) 482-8400

Alexis K. Juergens (*pro hac vice forthcoming*)
   ajuergens@foley.com
Nicholas D. Sauer (*pro hac vice forthcoming*)
   nick.sauer@foley.com
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, UT 81111
(801) 401-8900

*Attorneys for Plaintiff FetchLight, Inc.*